[Civ. No. 36548. Second Dist., Div. One. Dec. 29, 1970.]

RUTH GREENE ALFORD, Plaintiff and Appellant, v.
DEPARTMENT OF EDUCATION et al., Defendants and Respondents.

**COUNSEL**

Arthur Shivell for Plaintiff and Appellant.

Thomas C. Lynch, Attorney General, and Jerold A. Prod, Deputy Attorney General, for Defendants and Respondents.

**OPINION**

**THOMPSON, J.**—This is an appeal from the denial of a petition for administrative mandate under section 1094.5 of the Code of Civil Procedure to review and vacate a decision of the State Board of Education revoking appellant's teaching credential and denying her application for a different credential. We affirm the judgment.

### Facts

Appellant held a teaching credential issued by the California State Board of Education in the class of Kindergarten-Primary Life Diploma which she received prior to 1950. She was employed in the Los Angeles School District on a continuous basis, except for periods of sick and

maternity leave, from 1951 until her resignation in 1965. Two instances of sick leave involved hospitalization in Camarillo State Hospital in 1959 and 1961 during which she was diagnosed as a schizophrenic. The second hospitalization was the result of a superior court commitment.

After her resignation from the Los Angeles School District in August of 1965, appellant applied for an added credential from the board in the classification of "General Pupil Services Credential." Her application was denied on February 15, 1967. Appellant appealed administratively from the denial on March 12, 1967. On March 28, 1967, the board filed an accusation pursuant to Education Code section 13202 seeking revocation of appellant's "Kindergarten-Primary Life Diploma" credential.

The accusation alleges that appellant has a history of mental or emotional instability and that she presently evidences mental or emotional disability. The first allegation is based upon the two hospitalizations for mental illness and the second upon an examination in February of 1967 by the staff of the Los Angeles State Mental Hygiene Clinic, Department of Mental Hygiene, State of California. During the two periods of hospitalization and at the examination in 1967, appellant was diagnosed as "schizophrenic reaction-paranoid type."

The board conducted a consolidated hearing upon the accusation and upon a similar statement of issues relating to the denial of appellant's application for a new and different credential. Appellant did not appear at the hearing. Dr. Conrad, who had conducted the 1967 examination, testified that based upon that examination he had formed the opinion that appellant, by virtue of her diagnosed mental illness, was unable to function as a teacher. Prior to a ruling by the board, appellant moved to set aside her default by failure to appear. The board reopened the hearing and permitted appellant to testify and present evidence. On April 10, 1968, the hearing officer submitted his finding that appellant was "presently unfit to engage in the profession of teaching or in credentialed administrative activities." Effective June 15, 1968, the State Board of Education adopted the hearing officer's proposed decision. Appellant filed a petition to reconsider. The board granted the petition, reopened the matter, and permitted appellant to produce psychiatric testimony and to cross-examine Dr. Conrad. Unfortunately for appellant's cause, the psychiatric testimony offered by her agreed substantially with the testimony of Dr. Conrad. The matter was submitted and the board adhered to its original determination. On March 18, 1968, appellant's credential was ordered revoked and her application for a new and different credential was denied.

Appellant sought review of the adverse administrative determination by a petition to the superior court pursuant to Code of Civil Procedure section 1094.5. At the hearing on her petition, she offered evidence in addition to that contained in the record of proceedings before the administrative agency. Appellant sought the right to call a psychiatrist different from the expert witness she had used before the board. She assigned, as her reason for requiring the additional testimony, the proposition that she had called an expert witness "unskilled in forensic medicine" because at the time she did not have the funds to employ a psychiatrist more skilled in the field. The superior court denied appellant's motion to produce new evidence and submitted the matter upon the proceedings before the administrative agency. It denied appellant's petition for a writ of mandate to set aside the administrative determination and her subsequent motion for a new trial. This appeal followed.

### Issues on Appeal

Appellant contends: (1) there is no substantial evidence to support the determination of the trial court because there is no showing that appellant's mental illness had interfered with her work as a teacher or administrator; (2) the trial court erred in refusing to permit appellant to introduce additional psychiatric testimony; and (3) the board improperly proceeded to revoke appellant's credential pursuant to Education Code section 13202 because the only appropriate procedure is that provided in Education Code section 13403 et seq.

### Sufficiency of Evidence

Education Code section 13202 provides in pertinent part: "The State Board of Education shall revoke or suspend . . . for any cause which would have warranted the denial of an application for certification document . . . or for evident unfitness for service, life diplomas, documents, or credentials issued pursuant to this code." Education Code section 13129 provides in pertinent part: "The State Board of Education may deny any application for the issuance of a credential or a life diploma . . . made by any applicant who: . . . (b) Is physically so disabled as to be rendered unfit to perform the duties authorized by the credential or life diploma for which he applies. . . ."

In the case at bench, there is substantial evidence in the form of medical testimony that appellant because of a mental illness, schizophrenia-paranoid type, is unfit to engage in the profession of teaching or in credentialed administrative activities. That evidence satisfies the tests of Education Code sections 13129 and 13202.

Relying principally upon *Morrison* v. *State Board of Education*, 1 Cal. 3d 214 [82 Cal.Rptr. 175, 461 P.2d 375], appellant contends that a showing of mental illness is insufficient to sustain the revocation or denial of a teaching credential absent additional evidence of actual misconduct or dereliction in connection with the performance of teaching duties. In *Morrison*, our Supreme Court held that a revocation of a teaching credential upon the ground of "immoral and unprofessional conduct and acts involving moral turpitude" (1 Cal.3d 214, 217) was not supported by evidence limited to a showing that on one occasion three years in the past, while under severe stress, the teacher had engaged in an undescribed but noncriminal act "of a homosexual nature." In reaching its conclusion, our Supreme Court stated that the act was unconnected with the teacher's conduct with his students and did not of itself demonstrate an "unfitness to teach." Focussing on that language, appellant argues that a teaching credential may not be revoked or refused absent evidence of acts of misconduct directly related to teaching duties.

We do not construe *Morrison* as establishing the broad principle for which appellant argues. ■ We see nothing in that decision which departs from the general proposition that, in a proceeding to revoke or deny a teaching credential, the primary inquiry concerns the teacher's fitness to teach and the protection of the pupils who will be influenced by him. Thus, in *Morrison*, our Supreme Court says (1 Cal.3d 214, 236): "As to this crucial issue, the record before the board and before the court contains no evidence whatsoever. The board called no medical, psychological, or psychiatric experts to testify as to whether a man who had had a single, isolated, and limited homosexual contact would be likely to repeat such conduct in the future. The board offered no evidence that a man of petitioner's background was any more likely than the average adult male to engage in any untoward conduct with a student." *Morrison* thus seems to be a narrow decision, limited to its facts, and one decided primarily upon a disinclination of the majority of the court to permit judicial notice by the administrative agency or the trial court of the possibility that a man who had engaged in the conduct of the petitioner in that case might repeat it so as to render him unfit to teach. (See dissent of Justice Burke.)

■ In the case at bench, the record, unlike that in *Morrison*, contains direct psychiatric testimony that appellant by reason of her mental illness is unfit to perform the duties authorized by the certification she

seeks to retain and to acquire. That fact distinguishes *Morrison* and validates the action of the trial court.

### Excluded Evidence

■ Appellant contends that the trial court erred in refusing to permit· her to produce additional psychiatric testimony at trial over and above that which was already in the record of the administrative proceedings. We find no error in the ruling of the trial court.

■ While a hearing pursuant to Code of Civil Procedure section 1094.5 to review an administrative determination of a statewide agency revoking a license is a limited trial de novo, the trial court may properly exclude additional testimony at the hearing unless it finds that the evidence offered could not have been produced at the administrative proceeding by the exercise of reasonable diligence or that the evidence was improperly excluded by the administrative agency. (*Housman* v. *Board of Medical Examiners,* 84 Cal.App.2d 308, 313 [190 P.2d 653, 192 P.2d 45].) ■ Here there was no showing before the trial court that the evidence which appellant offered to produce could not have been offered at the administrative hearing if due diligence had been exercised or that the evidence was there excluded.

Appellant sought to excuse her failure to offer the testimony before the hearing officer of the witness called in the superior court by the statement that at the time of the administrative proceeding she was unable to afford an expert as skilled in "forensic medicine" as the one she· proposed to call at the proceeding to review the administrative determination. That excuse is not the equivalent of the exercise of due diligence which permits the introduction of new evidence in a proceeding pursuant to Code of Civil Procedure section 1094.5. A party's failure to produce stronger evidence at an administrative hearing is not excused by his financial inability to obtain the best expert testimony that money can buy.

### Procedure Pursuant to Education Code Section 13202

■ Appellant contends that the state board improperly proceeded to hear the matter of the revocation of her credential pursuant to Education Code section 13202 because there had been no preceding action by the local board by which she was employed to terminate her employment pursuant to Education Code section 13403 et seq. We find no such requirement in section 13202. To the contrary, that section is mandatory

in requiring the state board to revoke a credential when it finds a condition for revocation specified in the statute.

### Disposition

The judgment is affirmed.

Lillie, Acting P. J., and Gustafson, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 9, 1971.